[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13737
Non-Argument Calendar
_____

Agency No. A97-627-702

RENE ALBERTO OJEDA ESPANOL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(January 23, 2009)**

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Rene Alberto Ojeda Espanol ("Ojeda") seeks review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings. Ojeda based his filing on an application for adjustment of status. On review, he argues that the BIA abused its discretion and acted arbitrarily by denying his February 4, 2008 motion to reopen because he filed an application for immediate relief and presented new evidence that did not previously exist, namely, evidence proving the bona fides of his marriage to a United States resident and Cuban national. He also argues that the BIA acted in an arbitrary manner by not stating its unwillingness to exercise its discretion to reopen *sua sponte*. He asserts that the BIA's failure to reopen *sua sponte* is non-reviewable only if the BIA expressly declines to reopen.

## I. Timeliness

"We review the BIA's denial of a motion to reopen for abuse of discretion." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (citation and internal quotation marks omitted).

Under 8 C.F.R. § 1003.2(a) and (c)(1), an alien may move the BIA to reopen a prior removal order based on new evidence. However, the alien must file the motion no later than 90 days after the date on which the final administrative

2

decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day period for filing a motion to reopen is jurisdictional and mandatory. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005) (per curiam). An exception to the 90-day deadline exists, if (a) the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing;" (b) the motion to reopen is "[a]greed upon by all parties and jointly filed;" or, (c) the motion to reopen was filed by the INS "in exclusion or deportation proceedings when the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum. . . ." 8 C.F.R. § 1003.2(c)(3); 8 U.S.C. § 1229a(c)(7)(C).

Because Ojeda's motion to reopen was undisputably untimely and Ojeda does not argue that any exception to the 90-day deadline applied, the BIA lacked jurisdiction to consider his motion. Consequently, the BIA did not abuse its discretion by denying his motion, and we deny the petition as to this matter.

## II. *Sua Sponte* Authority

"We review subject-matter jurisdiction *de novo*." *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). "A court may review a final order of removal only

if . . . the alien has exhausted all administrative remedies available to the alien as of right. . . ." 8 U.S.C. § 1252(d)(1). This requirement is jurisdictional, and bars review of claims not raised before the BIA. *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003).

"The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). The regulations provide that "[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board," and "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a *prima facie* case for relief." *Id.* We lack jurisdiction to review the BIA's failure to exercise its discretion to reopen based on its *sua sponte* authority under 8 C.F.R. § 1003.2(a). *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-93 (11th Cir. 2008).

Because we lack jurisdiction to review the BIA's failure to exercise its discretion to reopen based on its *sua sponte* authority and the BIA was not required to expressly decline to exercise this authority, we dismiss the petition as to this matter.

**CONCLUSION**

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, the petitioner's petition is denied in part and dismissed in part.

**PETITION DENIED in PART, DISMISSED in PART.**